IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR WHITE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 3:03-1169 Judge Trauger |
| INTERNATIONAL LOGISTICS, INC., INTERNATIONAL LOGISTICS, LLC., d/b/a Incare Transportation, LINNEY G. MOORE, and RICHARD FRILEY, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Pending before the court is the plaintiffs' Motion for Default Judgment against defendant International Logistics, Inc., International Logistics, LLC, d/b/a Incare Transportation, Linney G. Moore and Richard Friley. (Docket No. 103) The response of these *pro se* defendants is contained within a letter to the court dated June 28, 2005 and received July 1, 2005 (Docket No. 127).

The Clerk properly entered default against these defendants on March 11, 2005. (Docket No. 99) The Entry of Default concludes with this sentence: "Should Defendants decide to enter and defend this case, they [should] move the Court pursuant to FRCP 55(c) to have this Entry of Default set aside." (Docket No. 99 at 2) Instead of filing such a motion, these defendants, instead, almost one month later, each filed an "Answer and Affirmative Defenses." (Docket Nos. 100-102) It is to these documents that the defendants make reference in their letter "response" to the pending motion. (Docket No. 127)

1

This court can only set aside the Clerk's Entry of Default "for good cause shown." Rule 55(c), FED. R. CIV. P. The "good cause" must be demonstrated by a motion to set aside the entry of default, which these defendants have not filed. However, even were the court to construe their letter response to the Motion for Default Judgment as a motion to set aside the entry of default, it would be denied, in that no excuse whatsoever is given in the letter or anywhere else in the record for these defendants' failure to timely respond to the Complaint.

Earlier delays to answering the Complaint are explained by the fact that these defendants were represented by counsel, and two Stipulations to Stay the progress of the case were entered into between the parties. (Docket Nos. 42, 46) Settlement discussions were obviously proceeding and, through counsel, these defendants even entered into a Consent Order for the Issuance of Court-Supervised Notice to Potential Plaintiffs. (Docket No. 72) However, shortly thereafter, on September 13, 2004, the court granted the motion of counsel for these defendants to withdraw, as these defendants had failed to pay legal fees. (Docket Nos. 78-79) The plaintiffs ended up settling with the other defendant in this case, Premium of Tennessee, Inc., and, upon inquiry of the court (Docket No. 90), the plaintiffs indicated that they would be pursuing claims against the remaining defendants, those against whom default judgment is now sought (Docket No. 91).

On February 17, 2005, five months after the withdrawal of defense counsel, the plaintiffs moved for the entry of default against these defendants. (Docket No. 93) The only response to this motion by these defendants was, once again, a letter addressed to the court (with no certificate of service to plaintiffs' counsel) simply showing that they had responded to certain discovery, copies of which were attached to the letter. (Docket No. 98). Based upon this record,

2

the Clerk entered default. (Docket No. 99) Only then did these defendants file Answers.

The criteria that the court must consider in ruling upon a motion to set aside entry of default under Rule 55(c)[1] are: "whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (internal citations omitted). As to the first factor, it is difficult for the court to find the default by these defendants willful; it seems more due to their willful failure to pay attorney's fees, which caused their counsel to withdraw and left them to fend for themselves in this litigation. The substance and procedures utilized by these defendants clearly show their ignorance of legal procedures. As to the second factor, the court finds that setting aside the entry of the default would prejudice the plaintiffs, in that this action has been pending for over a year and one-half, and the plaintiffs have already settled with the other defendant and clearly carried on substantial settlement discussions with these defendants without success. These defendants were served with process on December 22, 2003 (Docket Nos. 9, 13, 14, 15) and were well aware of the plaintiffs' intent to continue to pursue their claims against them a year later, when the plaintiffs filed their Status Report (Docket No. 91). As to the third factor, a review of the Answers filed does not reveal a "meritorious defense."[2] The Answers do allege that the $9 per hour paid to plaintiff White and others was comprised of $6

---

[1] Again, these defendants have filed no motion to set aside the entry of default.

[2] The Answers do deny that International Logistics, LLC had "gross sales volume exceeding $500,000 during 2001 and 2002." (Docket Nos. 100-102 at ¶15) This might in some way be a defense to some claim in this action against defendant International Logistics, LLC. The Amended Complaint does allege that the Incare defendants have been "an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000." (Docket No. 69 at ¶15) However, no such denial is made on behalf of the corporation, International Logistics, Inc.; therefore, this denial may be a distinction without a difference.

3

per hour straight time and $3 per hour overtime "for each hour worked from the inception of each work day." (*See* Docket Nos. 100-102) In other words, these defendants maintain that, for every hour worked by the plaintiffs, not just those over 40 hours per week, they were, in fact, paid time and one-half. This ridiculous assertion hardly amounts to a defense to the allegations of the Amended Complaint (Docket No. 69). A consideration of the necessary criteria leads this court to conclude that, even if a motion to set aside the entry of default had been filed, which it has not, it would have no merit.

With regard to the substance of the Motion for Default Judgment, the court must examine the request for damages and attorney's fees.

For each opt-in plaintiff (with the exception of three), affidavits have been furnished justifying the wage request and requesting that it be doubled, so as to constitute liquidated damages, and that the amount received by each plaintiff from the settlement with defendant Premium of Tennessee, Inc. be subtracted. (Docket Nos. 104-125) The wage requests are sufficiently supported and will be granted. Those amounts will be doubled so as to constitute liquidated damages under 29 U.S.C. § 260.[3]

Named plaintiff Arthur G. White, having received a $500 "enhancement award" in the settlement with Premium of Tennessee, Inc., requests an additional $3,000 enhancement award

---

[3]In order to avoid liquidated damages, it is the employer's burden to show that the failure to pay wages and/or overtime compensation was "in good faith" and based upon "reasonable grounds for believing that the act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260; *Hultgren v. County of Lancaster, Neb.*, 913 F.2d 498 (8th Cir. 1990); *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121 (3d Cir. 1984); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir. 1979). Not only have these defendants failed to carry this burden; they have failed to even raise this defense in their Answers.

4

to be paid by these defendants.  No justification is given for this in terms of time and effort required of Mr. White in this litigation, and a review of the progress of this litigation reveals no justification for that additional enhancement award to Mr. White.  It is therefore **DENIED**.

Plaintiffs' counsel requests attorney's fees and costs in the amount of $70,436.47.  The court is well aware of the specialized expertise of plaintiffs' counsel and does not doubt the representations in counsel's Declaration that the law firm records support the fee request of $69,326 and expenses in the amount of $1,110.47.  (Docket No. 126 at 6)  However, this court does not award attorney's fees and costs based upon time records without reviewing the time records themselves.  Therefore, the court will defer a ruling on the attorney's fee award until the filing of the law firm's time and expense records.

Judgment in the amounts requested in the affidavits filed (minus plaintiff White's $3,000 additional enhancement award) and attorney's fees and costs will be entered upon receipt of the additional documentation requested.  No damages will be awarded to plaintiffs Stephen McDonald, Wade Webb or James Fitzgerald unless affidavits supporting those claims are furnished.

It is so **ORDERED.**

Enter this 8th day of July 2005.

_____
ALETA A. TRAUGER
United States District Judge